I agree with the majority opinion's construction of the "Fair Dismissal Act." However, the parties, understandably, were laboring under a misconception as to the procedural mechanism that was established by this poorly drafted act. The sole issue argued in the trial court is whether the school board lost jurisdiction over the termination proceeding because of the failure to hold a hearing, pursuant to Code 1975, § 36-26-106, on the appeal by Mr. Bolton from the decision to terminate. As the majority opinion correctly points out, no decision to actually
terminate was ever made, and, therefore, the proceedings called for by § 36-26-106 never came into play.
The majority opinion notes that the issue is whether the school board "failed to act reasonably or responsibly in pursuing the process it had begun." No evidence was actually presented to the trial court on this issue because it was not argued below, but the stipulation of facts in the record does show that more than 60 days had expired after the school board's decision to notify Mr. Bolton of its intent to terminate his employment and that no decision to actually terminate had been made.
From the record and briefs, it is apparent that all parties were confused as to what steps were required under the act. I am not prepared to conclude that the passage of time alone, under these circumstances, estops the school board from reinstituting termination proceedings. Nor am I prepared to say that the board's "re-notice," under these circumstances, shows as a matter of law "an abandonment of its original notice of intent to terminate." Therefore, I would remand this case to the trial court for it to take evidence and make findings as to whether, under the totality of the circumstances, the school board is estopped.